**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles L. Brown III, | No. CV12-2003 PHX DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Clyde L. Reese III, *et al.* | |
| Defendants. | |

Defendants Arizona Department of Economic Security ("DES") and DES Director Clarence H. Carter have filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 46. The motions have been fully briefed. Docs. 51, 55. For the reasons set forth below, the Court will grant Defendants' motion.[1]

Dismissed Defendants Melissa Waddell and Linda Register have filed a motion to dismiss Plaintiff's amended complaint. Doc. 45. Dismissed Defendant Clyde L. Reese III has filed a motion to strike the amended complaint. Doc. 44. The motions have been fully briefed. Docs. 49, 50, 54, 55, 56. The Court will deny the motions as moot.

**I.   Background.**

Plaintiff and Defendant Nina Ware share a child. Doc. 1-1, ¶¶ 25, 26, 28. The Santa Clara County Superior Court issued an order for the support and visitation of the

---

[1] Parties' requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

child. *Id.*, ¶¶ 29, 30, 31. Nina Ware, the custodial parent, later moved to Georgia with the child, and authority over child support payments passed from California to Georgia. *Id.*, ¶¶ 30, 31. Plaintiff is an Arizona resident. *Id.* at 22. In 2002, Plaintiff contacted the Georgia Department of Human Services ("DHS") to request a modification of existing child support. *Id.*, ¶ 33. The attempt was ultimately unsuccessful.

Over the next several years, Plaintiff repeatedly requested, with the aid of Arizona DES, child support modification from Georgia DHS, but the requests were again unsuccessful. *Id.*, ¶ 39; Doc. 1-3. Georgia DHS obtained approximately $30,000 from Plaintiff's bank and retirement funds in the years 2004, 2006, and 2007. *Id.*, ¶¶ 43, 44.

On March 3, 2009, Plaintiff obtained a modification of his child support obligations from a Georgia court, although the court refused to correct the calculation of arrears due to "Plaintiff's 'lack of merit.'" *Id.*, ¶ 46. In December 2011, Georgia DHS sent a letter to Plaintiff clarifying that in 2005 it decided not to modify Plaintiff's child support order due to his failure to provide financial information. *Id.*, ¶ 47; Doc. 1-10.

Plaintiff filed his original complaint in this case in September 2012, claiming that Defendants discriminatorily denied his repeated requests to modify his child support order due to his race, age, and sex, thereby depriving him of constitutional rights and causing financial and emotional harm. While far from a model of clarity, the following charges can be gleaned from the complaint. Under 42 U.S.C. § 1983, Plaintiff claims that Defendants have violated his 14th Amendment equal protection and due process rights (Counts 1, 3, 4, 5). Under 42 U.S.C. § 1985, Plaintiff claims that Defendants conspired to interfere with his right to equal protection of the laws (Count 6). Under 42 U.S.C. § 2000(d), Plaintiff claims that Defendants have excluded him from a federally funded aid program on the basis of race (Counts 2, 7). Finally, Plaintiff alleges defamation by "publishing false reports of arrears or unpaid child support to third party consumer credit bureaus" (Count 8). Plaintiff seeks a variety of remedies, including a declaratory judgment, a temporary restraining order, a preliminary and permanent injunction, and damages. *Id.*, ¶¶ A–D.

On February 11, 2013, the Court granted Defendants' motions to dismiss the initial complaint, concluding that Plaintiff failed to state a claim against Defendants in Arizona, and that it lacked personal jurisdiction over Defendants in Georgia. Doc. 40. The Court determined that the defects in the complaints against Georgia Defendants Clyde L. Reese III, Linda Register, and Melissa Waddell could not be cured by amendment and thus denied leave to amend with respect to these Defendants. *Id.* Plaintiff filed an amended complaint that continues to list claims against all Defendants and merely supplements the original complaint with several added facts.

**II. Discussion.**

    **A. Motions by the Georgia Defendants.**

The Court will not consider the substance of these motions because the Court's previous order dismissed the claims against these Defendants with prejudice. Doc. 40. They are no longer part of this case, and that fact is not changed merely by Plaintiff's continuing to list them in his complaint. The motions of the Georgia Defendants will be denied as moot, and no further participation on their part is required.

    **B. Claims Under U.S.C. §§ 1983, 1985, and Arizona State Laws.**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment bars federal jurisdiction over suits against a non-consenting state. *See, e.g.*, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 62-65 (1996). The Supreme Court has interpreted the Eleventh Amendment as prohibiting suits against a state by its own citizens. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Suing a state agency is the functional equivalent of suing the state itself. *See Alabama v. Pugh*, 438 U.S. 781 (1978). The Eleventh Amendment bars suit against a state agency regardless of the type of relief sought. *See Pennhurst*, 465 U.S. at 100; *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 508

(9th Cir. 1990). A state is entitled to invoke its sovereign immunity from suit to protect state officials acting in their official capacity because the state is the real, substantial party in interest. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

DES is an agency of the state of Arizona as established by A.R.S. § 41-1952, *et seq.* Thus, the Eleventh Amendment bars the suit unless the State of Arizona consents. Because the State has not waived its Eleventh Amendment immunity under §§ 1983 and 1985, nor under any of the Arizona state laws in question, the Court must dismiss Plaintiff's complaints against Arizona DES.

Defendant Carter is named in his official capacity as Director of DES. The Eleventh Amendment does not bar suits against state officials named in their official capacity acting in alleged violation of federal law if the plaintiff is seeking prospective injunctive relief. *Ex parte Young,* 209 U.S. 123 (1908). Plaintiff's demands for remedies remain unclear. The only claim against Carter that suggests prospective injunctive relief as a possible remedy is defamation, as alleged in Count 8. Doc. 1-1 at 28-30. Because defamation is a tort governed by state law, the *Ex Parte Young* exception does not apply. The remaining claims against Carter under §§ 1983 and 1985, or any other Arizona state laws, seek retroactive relief and money damages, therefore the *Ex Parte Young* exception does not apply. These claims against Carter must be dismissed.

    **C.**    **Claims against Arizona DES and Carter under Title VI.**

        **1.**    **Eleventh Amendment.**

42 U.S.C. § 2000d-7 ("Title VI") provides that "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the Unites States from suit in Federal court for a violation of . . . title VI of the Civil Rights Act of 1964." Thus Plaintiff's claim under Title VI is not barred by the Eleventh Amendment.

        **2.**    **Statute of Limitations.**

Arizona DES and Carter argue that the claim is barred by the statute of limitations. "[T]he statute of limitations defense . . . may be raised by a motion to dismiss . . . [i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter &*

*Co.,* 614 F.2d 677, 682 (9th Cir. 1980) (citing *Graham v. Taubman,* 610 F.2d 821 (9th Cir. 1979)).  Even if the relevant dates alleged in the complaint are beyond the statutory period, the "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Hernandez v. City of El Monte,* 138 F.3d 393, 402 (9th Cir. 1998) (internal citation omitted); *see Cervantes v. City of San Diego,* 5 F.3d 1273, 1275 (9th Cir. 1993).

Because Plaintiff has failed to allege sufficient facts to state a claim, the Court cannot determine when any cause of action accrued.  It does not appear beyond doubt that Plaintiff can prove no set of facts that would establish the timeliness of the claim, so the claim cannot be dismissed on statute of limitations grounds.

### 3. Failure to State a Claim.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted).  Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).  To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's amended complaint does not address the issues that the Court found fatal to the original complaint in its February 11 order.  The amended complaint makes

- 5 -

only conclusory allegations against Defendants and does not provide any specific facts about how Arizona DES or Carter allegedly violated Title VI.  Plaintiff states that his amended complaint has added eight additional facts to supplement those found in the original complaint.  Doc. 51 at 6.  These facts pertain to Plaintiff's claims under various state laws, which the Court lacks jurisdiction to consider as detailed above, and do not allege facts detailing how Arizona DES and Carter violated Title VI.  Thus, Plaintiff fails to allege sufficient facts to state a claim against Arizona DES and Carter under Title VI and the claims must be dismissed.[2]

### III.    Leave to Amend.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before final dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000). Because the claims against Defendants Arizona DES and Carter under any state laws or under §§ 1983, 1985, and 1986 cannot be cured by amended pleading, the Court will deny Plaintiff leave to amend with respect to these claims.  The claims against Defendants Arizona DES and Carter under Title VI have failed for lack of factual detail and arguably could be corrected by amendment.  The Court therefore will grant Plaintiff one additional opportunity to amend with respect to these claims and these Defendants only.  Plaintiff is advised that the Court will not grant additional amendment opportunities.  Plaintiff shall file an amended complaint by **August 16, 2013**.

Plaintiff is reminded that he must become familiar with and follow the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules").  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be

---

[2] Defendants Arizona DES and Carter argue that the Title VI claim alleges "disparate impact" instead of intentional, individualized discrimination and therefore does not fall under the purview of Title VI.  Doc. 55 at 2-3.  The Court will not consider this argument because it was raised for the first time in a reply brief.

treated more favorably than parties with attorneys of record"). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules may be obtained from the Court's website.

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be numbered in consecutive order. An amended complaint completely replaces the original complaint and any previous amended complaints; therefore it must include all facts and necessary allegations and must not refer back to any previous filings.

To survive dismissal under Rule 12(b)(6), the amended complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Plaintiff is warned that if he fails to file an amended complaint by the August 16, 2013 deadline, the case will be dismissed. Plaintiff is further warned that if he fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

**IT IS ORDERED:**

1. Motions of dismissed Defendants Linda Register, Melissa Waddell, and

|     |     |     |
| --- | --- | --- |
| 1   |     | Clyde L. Reese III (Docs. 44, 45) are **denied as moot**. |
| 2   | 2.  | Defendants Arizona Department of Economic Security and Clarence H. Carter's motion to dismiss (Doc. 46) is **granted**. |
| 4   | 3.  | Claims against Defendants Arizona Department of Economic Security and Clarence H. Carter under 42 U.S.C. §§ 1983, 1985, or any state laws are **dismissed with prejudice**. |
| 7   | 4.  | Leave to amend is granted with respect to claims against Defendants Arizona Department of Economic Security and Clarence H. Carter under Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d). Plaintiff shall file an amended complaint on or before **August 16, 2013**. |

Dated this 24th day of July, 2013.

_David G. Campbell_
David G. Campbell
United States District Judge