**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles L. Brown, | No. CV12-02003-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Clyde L. Reese, et al., | |
| Defendants. | |

Before the Court is Defendants' motion to dismiss. Doc. 63. The motion is fully briefed and no party has requested oral argument. For the following reasons, the Court will grant Defendants' motion.

**I.   Background Facts.**

Plaintiff and Defendant Nina Ware share a child. The Santa Clara County Superior Court issued an order for the support and visitation of the child. Doc. 61, ¶ 17. Nina Ware, the custodial parent, later moved to Georgia with the child, and authority over child support payments passed from California to Georgia. Plaintiff is an Arizona resident. In 2002, Plaintiff contacted the Georgia Department of Human Services (Georgia "DHS") to request a modification of existing child support. The attempt was ultimately unsuccessful.

Over the next several years, Plaintiff repeatedly attempted to request a modification of the existing child support award through the Arizona Department of Economic Security ("Arizona DES"). *Id*., ¶ 19. Arizona DES incorrectly informed

Plaintiff that he must travel to Georgia to seek the support modification. *Id*., ¶ 20. Through 2004, Arizona DES repeatedly refused to aid Plaintiff in modifying his support order and informed Plaintiff that he needed to seek the modification through Georgia DHS. *Id*., ¶ 25, 27.

Plaintiff filed his original complaint in this case in September 2012, claiming that Defendants discriminatorily denied his repeated requests to modify his child support order due to his race, age, and sex, thereby depriving him of constitutional rights and causing financial and emotional harm. Although far from a model of clarity, the following charges were gleaned from the complaint. Under 42 U.S.C. § 1983, Plaintiff claimed that Defendants had violated his 14th Amendment equal protection and due process rights (Counts 1, 3, 4, 5). Under 42 U.S.C. § 1985, Plaintiff claimed that Defendants conspired to interfere with his right to equal protection of the laws (Count 6). Under 42 U.S.C. § 2000(d), Plaintiff claimed that Defendants had excluded him from a federally funded aid program on the basis of race (Counts 2, 7). Finally, Plaintiff alleged defamation by "publishing false reports of arrears or unpaid child support to third party consumer credit bureaus" (Count 8).

On February 11, 2013, the Court granted Defendants' motions to dismiss the initial complaint, concluding that Plaintiff failed to state a claim against Defendants in Arizona, and that it lacked personal jurisdiction over Defendants in Georgia. Doc. 40. The Court determined that the defects in the complaints against Georgia Defendants Clyde L. Reese III, Linda Register, and Melissa Waddell could not be cured by amendment and thus denied leave to amend with respect to these Defendants. *Id.*

On March 1, 2013, Plaintiff filed an amended complaint that continued to list claims against all Defendants and merely supplemented the original complaint with several facts. Doc. 41. The Court granted Defendants' motions to dismiss the amended complaint on July 24, 2013. Doc. 58. The Court denied the Georgia Defendants' motion as moot because they were no longer part of the case. All claims against Defendants Arizona DES and Clarence H. Carter under 42 U.S.C. §§ 1983, 1985, 1986 or any state

laws were dismissed with prejudice. The Court granted leave to amend only with respect to claims against Defendants Arizona DES and Carter under Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d).

Plaintiff filed a second amended complaint on August 16, 2013. Doc. 61. Plaintiff again alleges that Arizona DES and Carter violated his rights under 42 U.S.C. §§ 1983, 1985, 1986, and 2000d. Plaintiff also names ten John Does whose names and capacities are unknown to Plaintiff but who were officers and employees of Arizona DES and were responsible in some manner for the events that transpired in the second amended complaint. Plaintiff alleges that Arizona DES employees fraudulently concealed the fact that it was their responsibility to administer his modification requests, while simultaneously processing support modification requests from similarly situated White and Hispanic applicants. Doc. 61, ¶ 20. Plaintiff alleges that because Defendants' failure to process his support modification lacked "substantial legitimate justification," their behavior "displays their discriminatory intent." *Id*., ¶ 21. Plaintiff also alleges that he was later prejudiced when Arizona DES failed to give notice regarding his request to modify the support order. He believes that this failure also demonstrates discriminatory intent. *Id*., ¶ 26. Despite these multiple failures, Plaintiff attempted to begin the support modification process anew on May 14, 2004, by submitting the necessary financial documentation. These documents have allegedly never been received by Georgia DHS. *Id.*, ¶ 27.

**II.     Analysis.**

      **A.     Claims Under 42 U.S.C. §§ 1983, 1985, and 1986.**

The Court will not consider the substance of Defendants' motion to dismiss with respect to the claims brought under 42 U.S.C. §§ 1983, 1985, and 1986 because the Court's previous order dismissed the claims under those provisions with prejudice. Doc. 41. The portions of Defendants' motion that relate to these claims will be denied as moot.

/ / /

**B.     Failure to State a Claim.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's second amended complaint does not address most of the issues that the Court found fatal to the original complaint in its February 11, 2013 order and the first amended complaint in its July 24, 2013 order. The amended complaint makes only conclusory allegations against Defendants and does not provide any specific facts about how Carter allegedly violated Title VI. Plaintiff states that his amended complaint has added many additional facts to supplement those found in the original and first amended complaint. Doc. 66 at 3-4. These additions do not allege a single fact, however, detailing how Carter violated Title VI. Thus, Plaintiff still fails to allege sufficient facts to state a claim against Carter under Title VI, and the claim against him must be dismissed.

The Court also concludes that Plaintiff has failed to plead sufficient facts to state a claim against Arizona DES that is plausible on its face. Plaintiff cites multiple examples of Arizona DES' errors and omissions that caused him harm, and attributes these failures

to racial animus and racial discrimination. Doc. 61, ¶¶ 21, 24, 25, 26, 40, 41, 42, 43. None of these acts or omissions is accompanied in Plaintiff's complaint, however, with any indicia of animus or discrimination. Plaintiff merely points to Arizona DES' failure to process his support modification and concludes that Arizona DES' actions cannot be justified by anything other than racial bias. Plaintiff has pled only two facts that could potentially raise an inference of racial animus: first, that Arizona DES processed support modifications for similarly situated White and Hispanic applicants; and second, when Plaintiff informed an Arizona DES employee that he intended to pursue a doctorate degree, the employee stated "boy that is going to take you a long time." Although use of the word "boy" can have a racially charged connotation, it is also true that doctorate degrees take a long time to obtain for even the most intelligent person and "boy" can be used – as it apparently was here – to accentuate the message that a declarant wishes to communicate. These new facts raise a possible inference of discriminatory intent, but they are a far cry from the plausibility threshold imposed by *Iqbal* to defeat a motion to dismiss. Plaintiff's allegations amount to legal conclusions couched as factual allegations that are not entitled to a presumption of truth and are not sufficient to defeat a motion to dismiss. *Iqbal*, 556 U.S. at 679.

### C.     Statute of Limitations.

Even if Plaintiff had successfully stated a claim arising under 42 U.S.C. 2000d, his claim would be time-barred. "[T]he statute of limitations defense . . . may be raised by a motion to dismiss . . . [i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citing *Graham v. Taubman*, 610 F.2d 821 (9th Cir. 1979)). Claims brought under 42 U.S.C. § 2000d are governed by the forum state's statute of limitations for personal injury actions. *See Taylor v. Regents of Univ. of Cal*, 993 F.2d 710, 712 (9th Cir. 1993). In Arizona, the statute of limitations period for personal injuries is two years. Ariz. Rev. Stat. § 12-542(a). Although state law determines the length of the limitations period, federal law determines when a civil right claim accrues. *Knox v. Davis*, 260 F.3d 1009,

1013 (9th Cir. 2001) (quotation omitted).  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  Even if the relevant dates alleged in the complaint are beyond the statutory period, however, the "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (internal citation omitted); *see Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).

The only bases for Plaintiff's claim are events that took place in the fall of 2002 and May 14, 2004.  Doc. 61, ¶¶ 19, 27.  Any complaint based on these events would be time-barred on May 15, 2006, and a mere "continuing impact" from past violations would not be actionable.  *Knox*, 260 F.3d at 1013 (quotation omitted).  Plaintiff asserts in his response, however, that he did not discover the basis for his Title VI claim until 2011, when the Arizona Attorney General's office turned over some of Defendants' internal communications.  Doc. 66 at 2.  This observation is unavailing, however, because the Ninth Circuit applies the discovery rule to civil rights claims.  *See Norman-Bloodshaw v. Lawrence Berkely Lab.*, 135 F.3d 1260, 1265 (9th Cir. 1998).  Under the discovery rule, "discovery of the injury, not discovery of other elements of a claim, is what starts the clock."  *Rotella v. Wood*, 528 U.S. 549, 555 (2000).  This standard does not require that "the injured party [have] access to or constructive knowledge of all the facts required to support its claim."  *Davel Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1092 (9th Cir. 2006) (quotations omitted).  Instead, "once a plaintiff has inquiry notice of its claim, it bears the responsibility of making diligent inquiries to uncover the remaining facts needed to support the claim."  *Id*.  Because Plaintiff knew of his injury in 2004, he was on inquiry notice of his Title VI claim on that date.  Plaintiff had the responsibility to make diligent inquiries years before the 2011 disclosure to discover any additional facts that might support the other elements of his Title VI claim.

Plaintiff's complaint discloses that he was aware in 2004 of his injury.  He did not

file his complaint until September 2012. It is apparent from the face of Plaintiff's complaint, therefore, that the limitations period has run, and it appears beyond doubt that Plaintiff cannot establish the timeliness of his claim.

### III. Leave to Amend.

The Court warned Plaintiff in its July 24, 2013, order that he had one additional opportunity to amend. Doc. 58. Because Plaintiff has failed to plead a cognizable Title VI theory after three attempts, the Court will not grant Plaintiff another opportunity to amend.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 63) is **granted**. The Clerk is directed to terminate this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion for relief from order (Doc. 74) is **denied as moot**.

Dated this 4th day of November, 2013.

David G. Campbell
United States District Judge